[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12888
Non-Argument Calendar

_____

D. C. Docket No. 04-20065-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL ZUNIGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 22, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Gabriel Zuniga appeals the 240-month sentences imposed

following his guilty plea for attempting to import cocaine, conspiracy to import cocaine, and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 963. Zuniga was involved in the transportation of large quantities of cocaine from Colombia into the United States, via the Caribbean.

Zuniga argues that the district court clearly erred by applying a three-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1. Zuniga asserts that the district court incorrectly found that he and co-conspirator Cesar Augusto Mantilla Chavez were on the same level in the conspiracy, where the evidence showed that Zuniga was Mantilla's subordinate. Zuniga contends that he was merely a middleman with no control over the conspiracy.

"A district court's upward adjustment of a defendant's Guidelines offense level due to his status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002).

Section 3B1.1 of the Sentencing Guidelines provides for enhanced offense levels for defendants with aggravating roles. U.S.S.G. § 3B1.1. "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants" then a three-level enhancement is to be applied. U.S.S.G. § 3B1.1(b). The assertion of control or influence over only one

2

individual is enough to support a § 3B1.1 enhancement. *See United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).

After reviewing the record, we conclude that the district court did not clearly err in applying a three-level aggravating role enhancement to Zuniga. There is no dispute that the instant drug-trafficking conspiracy involved five or more participants. The evidence makes it clear that Zuniga "assert[ed] control or influence" over the distribution of cocaine once it was delivered from Colombia to Jamaica, using others to unload, transport, and sell cocaine in Jamaica, and over the delivery of drug-sale proceeds back to Colombia, using others to personally transport the money. This is sufficient to support the three-level aggravating role enhancement. *See Jiminez*, 224 F.3d at 1251. Accordingly, we affirm Zuniga's sentences.

**AFFIRMED.**